UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OLHA NOHA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:25-cv-01918 (UNA) |
| ) | |
| UNITED NATIONS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Plaintiff, who has submitted at least 17 mostly cryptic complaints in this Court in less than four months, has filed a *pro se* Complaint ("Compl."), ECF No. 1, and an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, in the instant matter. Upon review, the Court grants Plaintiff's IFP Application, and for the reasons explained below, it dismisses this matter without prejudice.

Plaintiff, a resident of Maryland, sues the United Nations and several of its ambassadors. *See* Compl. at 1–3. Plaintiff sets forth a mere single statement, stating that, on February 27, 2019, "in a historic 7-1 decision, the U.S. Supreme Court decided that international organizations like the World Bank Group can be sued . . . in U.S. Courts." *See id.* at 5. She demands $7 trillion in damages. *Id*.

*Pro se* litigants must comply with the Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Federal Rule 8(a) of requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The

Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Here, as presented, neither the Court nor the Defendants can reasonably be expected to identify Plaintiff's intended claims, nor has Plaintiff established this Court's subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

Although Plaintiff has also, in the interim, submitted numerous subsequent notices containing random blurbs of information and proposed exhibits, ostensibly intended to amend or supplement the Complaint, *see, e.g.*, Notices, ECF Nos. 5, 7–26, 30–32, these proposed additions fail to comply with Federal Rule 15(a) or D.C. Local Civil Rule 7(i) or 15(i), and to that same end, "Plaintiff's [C]omplaint is not the legal equivalent of a LEGO set, something to be recreated," at her whim and in piecemeal fashion, *see Whitman v. Dep't of Army*, No. 21-03163, 2023 WL 3844603, at *2 (D.D.C. June 5, 2023). In any event, Plaintiff's additional submissions are difficult to discern, so even if they were procedurally sound, they do not assist in making Plaintiff's intended claims any more cognizable.

For these reasons, this case is dismissed without prejudice. Plaintiff's remaining pending Motions, ECF Nos. 3, 4, 6, 27, 29, are denied as moot. A separate Order accompanies this Memorandum Opinion.

Date:  August 5, 2025                              _____/s/_____
                                                                    JIA M. COBB
                                                              United States District Judge